IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HEATHER EADS                                                                                             PLAINTIFF

vs.                                              Civil No. 6:21-cv-06040

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                      DEFENDANT

**MEMORANDUM OPINION**

Heather Eads ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on February 26, 2019.  (Tr. 10).  In this application, Plaintiff alleged being disabled due to systemic lupus, rheumatoid arthritis, psoriatic arthritis, osteoarthritis, degenerative disc disease, a bulging disc, anxiety, depression, anemia, fibromyalgia, and post-surgical pain.  (Tr. 176).  Plaintiff alleged an onset date of August 1, 2016.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10.  These references are to the page number of the transcript itself not the ECF page number.

1

(Tr. 10).  This application was denied initially and again upon reconsideration.  *Id.*  After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 31-45).  Plaintiff's administrative hearing was held in Little Rock, Arkansas on August 11, 2020.  *Id.*  Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing.  *Id.*

On September 15, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 7-30).  The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2021.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2016, her alleged onset date.  (Tr. 12, Finding 2).

The ALJ determined Plaintiff was forty (40) years old on her alleged disability onset date.  (Tr. 22, Finding 7).  Such an individual is defined as a "younger person."  *See* 20 C.F.R. § 404.1563(c) (2008).  The ALJ determined Plaintiff had at least a high school education.  (Tr. 22, Finding 8).

The ALJ determined Plaintiff had the following severe impairments: carpal tunnel syndrome status post release procedures; arthritic changes of the bilateral hands status post surgery; degenerative disc disease; degenerative changes of her right knee; systemic lupus erythematosus; psoriatic arthritis; osteoarthritis; and rheumatoid arthritis.  (Tr. 12-14, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 15-16, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her

Residual Functional Capacity ("RFC"). (Tr. 16-22, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is limited to occasionally stooping, kneeling, crouching, and crawling. The claimant is also limited to fingering and handling with her bilateral hands occasionally. The claimant should also have no concentrated exposure to direct sunlight.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 22, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10).

The VE testified at the administrative hearing regarding that issue. (Tr. 23). Based upon that testimony, the ALJ determined a hypothetical individual with Plaintiff's limitations retained the capacity to perform work as the following: (1) surveillance monitor (unskilled, sedentary) with 11,000 such jobs in the national economy and (2) call out operator (unskilled, sedentary) with 9,000 such jobs in the national economy. *Id.* Consistent with that determination, the ALJ found Plaintiff had not been under a disability—as defined by the Act—from Plaintiff's alleged onset date through the date of the ALJ's decision or through September 15, 2020. (Tr. 23, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On March 17, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On April 12, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 13, 2021. ECF No. 7. This case is now ready for decision.

**2.    <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raised the following three arguments for reversal: (1) the ALJ did not perform a proper analysis when finding Plaintiff did not meet Listing 14.02C and 14.09D for her inflammatory arthritis and lupus and in discrediting her subjective complaints; (2) the ALJ's RFC assessment is not supported by substantial evidence in the case; and (3) the ALJ erred in discrediting the opinions of her treating physicians. ECF No. 12 at 1-22. Because the Court finds the ALJ erred in assessing Plaintiff's subjective complaints, the Court will only address the second half of her first argument for reversal.

The Court notes that in assessing the subjective complaints of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.

1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely reliable, the ALJ's determination of subjective complaints is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective complaints of pain, the ALJ must make a specific determination regarding that claimant's subjective complaints, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ discounted Plaintiff's subjective complains for the following reasons:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18). Although the ALJ stated he considered "other evidence," the ALJ does not specifically provide what "other evidence" he considered.

Indeed, the SSA argues in her briefing that Plaintiff could perform daily activities including "personal care, meal preparation, and driving a car." ECF No. 15 at 12. The SSA argues that these findings provide substantial evidence supporting the ALJ's evaluation of Plaintiff's subjective complaints. Upon review the ALJ's decision, the ALJ actually found the following:

> The claimant indicated that she is able to perform household chores, but that she also has assistance with tasks like washing laundry from her children. The claimant also testified that she is able to drive short distances. In addressing her ability to use her hands, the claimant approximated that she would be unable to pick up [a] small object. In addressing her knee and back pain, the claimant approximated that she could only walk for fifteen minutes at a time. The claimant also approximated that she could pick up a gallon of milk; however, she indicated that this would require both hands.

(Tr. 17). Certainly, such abilities are far less extensive than the SSA indicated in her briefing and are not sufficient reasons for discounting Plaintiff's subjective allegations. *See, e.g., Reed v.*

*Barnhart,* 399 F.3d 917, 923 (8th Cir. 2005) (recognizing it is "well-settled law that 'a claimant need not prove she is bedridden or completely helpless to be found disabled.'" (citation omitted)).

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and analysis of her subjective complaints are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE